Lee last contends the instruction was erroneous because it failed to define "offer of violence." Verdict directing instructions must define those terms which would confuse or mislead a jury absent a definition. *State v. Rodgers*, 641 S.W.2d 83, 84–85[1–5] (Mo. banc 1982). In cases concerning the former § 216.460, RSMo 1969 the courts repeatedly held that the words "offer" and "violence" are words in common usage and as such did not need to be defined in jury instructions. *State v. Wintjen*, 522 S.W.2d 26, 27–28[2] (Mo.App. 1974). No instruction defining those terms was required.

The judgment is affirmed.

All concur.

**ORDER**

PER CURIAM:

Direct appeal from a final award for a worker's compensation claim pursuant to § 287.010, et seq., RSMo Supp.1978.

Judgment affirmed. Rule 84.16(b).

**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Ricky Burnell HOLT,
Defendant-Appellant.**

**No. 49119.**

Missouri Court of Appeals,
Eastern District,
Division Six.

March 4, 1986.

Motion for Rehearing and/or Transfer
Denied April 1, 1986.

Application to Transfer Denied
May 13, 1986.

**Robert GREEN, Respondent,**

v.

**COMPLETE AUTO TRANSIT,
INC., Appellant.**

**No. 50542.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 25, 1986.

Motion for Rehearing and/or Transfer
Denied April 8, 1986.

George F. Kosta, St. Louis, for appellant.

Charles A. Mogab, St. Louis, for respondent.

